IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCY LEE GROVES, | ) | 4:10CV3080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FBL FINANCIAL GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Marcy Lee Groves, filed her Complaint on May 4, 2010, (filing No. 1)and she has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Marcy Lee Groves, filed her Complaint on May 4, 2010, against the defendant, FBL Financial Group. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Ms. Groves alleges that FBL Financial Group violated her rights under Title VII of the Civil Rights Act. (*Id.* at CM/ECF p. 1.)

Marcy Lee Groves's allegations are scarce. She alleges that on July 9, 2008, she "was accused of going over to the other side of the [building] and telling people how to do their job." (*Id.* at CM/ECF p. 2) On February 5, 2009, she "was written up and was not able to comment on the allegations." (*Id.*) In March 2009 and March 2010, her "Performance Appraisal [was] done after [her] Anniversary." (*Id.*) Ms. Groves also alleges that she presented her claim to the Nebraska Equal Employment Opportunity Commission, which denied it based on insufficient support of allegations. (*Id.* at CM/ECF p. 4.) Here, Ms. Groves seeks monetary damages and for "Management to be truthful and treat everyone fair." (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court liberally construes Ms. Groves' complaint to allege a claim pursuant to Title VII of the Civil Rights Act. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, Ms. Groves must allege that she (1) is a member of a protected class; (2) was meeting the legitimate expectations of her employer; (3) suffered an adverse employment action; and (4) that circumstances exist that give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004). If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000). The ultimate burden of persuasion remains with the plaintiff throughout the case.

Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Ms. Groves failed to "nudge" her Title VII discrimination claim across the line from "conceivable to plausible" because she did not allege that she is a member of a protected class or that she was meeting the legitimate expectations of her

3

employer. However, on the court's own motion, Ms. Groves shall have 30 days in which to amend her Complaint to clearly state a Title VII discrimination claim against FBL Financial Group upon which relief may be granted. Any amended complaint shall restate the allegations of Ms. Groves' current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Marcy Lee Groves shall have until **September 16, 2010,** to amend her Complaint to clearly state a claim upon which relief may be granted against FBL Financial Group, in accordance with this Memorandum and Order. If Ms. Groves fails to file an amended complaint, her claims against FBL Financial Group will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Ms. Groves files an amended complaint, she shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **September 16, 2010**; and

4.     Ms. Groves shall keep the court informed of her current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

Dated August 17, 2010.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge