IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCY LEE GROVES, | ) | 4:10CV3080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON THE MOTION** |
| FBL FINANCIAL GROUP, | ) | **TO DISMISS OR IN THE** |
| | ) | **ALTERNATIVE MOTION FOR** |
| Defendant. | ) | **SUMMARY JUDGMENT** |

This matter is before me on the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Filing No. 24.) As set forth below, treated as a Motion for Summary Judgment, the motion is granted and this matter is dismissed with prejudice.

## BACKGROUND

The plaintiff, Marcy Lee Groves, filed a Pro Se Civil Complaint against FBL Financial Group on May 4, 2010. (Filing No. 1.) Following the court's initial review of her complaint, she filed an amended Pro Se Civil Complaint on September 14, 2010, which is the operative complaint in this matter. (Filing No. 7.) Liberally construed, Ms. Groves alleges that FBL Financial Group violated her rights under Title VII of the Civil Rights Act. (*Id.*)

FBL Financial Group filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment on April 29, 2011, requesting dismissal, or alternatively, summary judgment in its favor.[1] (Filing No. 24.) Thereafter, Ms. Groves submitted

---

[1]The defendant seeks dismissal on the grounds of improper service of process. (Filing No. 26 at CM/ECF pp. 5-8.) While I doubt that service was proper in this matter, I will not address the defendant's service argument because I note that the defendant submitted to this court's jurisdiction by filing an Answer of Defendant FBL

a Response to Index Evidence, a Response to Addiavit (sic) from Lori Strottman and a Motion with Additions. (Filing Nos. 30, 31, and 32.) The defendant has objected to Ms. Groves' filings as untimely under Nebraska Civil Rule 56.1(b)(2). (Filing No. 33.) However, because I will treat FBL Financial Group's motion as one for summary judgment, Ms. Groves must be "given a reasonable opportunity to present all the material that is pertinent" to FBL Financial Group's motion. Fed. R. Civ. P. 12(d). As such, I will deny the Defendant's Objection to Response to Index Evidence, Response to Addiavit (sic) from Lori Strottman and Motion for Additions (filing no. 33).

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

FBL Financial Group submitted a statement of material facts in accordance with the court's Local Rules. (Filing No. 26 at CM/ECF pp. 3-5.) Further, FBL Financial Group submitted evidence that was properly authenticated by affidavit or

---

Financial Group (filing no. 13) and conducting discovery (filing no. 20) in this matter.

sworn deposition testimony. (Filing No. 25.) Ms. Groves did not respond to the defendant's statement of material facts. Although she submitted evidence, it was not properly authenticated by affidavit or sworn deposition testimony. (Filing No. 32.) In light of the parties' filings, I deem the defendant's motion fully submitted and adopt the following undisputed material facts, as set forth by FBL Financial Group.

## *RELEVANT UNDISPUTED FACTS*

1. Marcy Lee Groves is a resident of Lincoln, Lancaster County, Nebraska, and at all times relevant was FBL Financial Group's employee. Ms. Groves presently remains employed by FBL Financial Group.

2. Ms. Groves is African-American.

4. On March 6, 2009, Ms. Groves filed a Charge of Discrimination against FBL Financial Group with the Nebraska Equal Opportunity Commission (NEOC). The charge was amended on May 4, 2009.

5. On March 13, 2009, Ms. Groves filed a Notice of Charge of Discrimination against FBL Financial Group with the U.S. Equal Employment Opportunity Commission (EEOC).

6. On November 5, 2009, the NEOC issued its Commission Determination and found the evidence was insufficient to support the allegation of discrimination. The determination advised Ms. Groves that she had 90 days after receipt of the notice to file an action directly in state district court.

7. On February 11, 2010, the EEOC accepted the finding of no reasonable cause by the NEOC and advised Ms. Groves that she had 90 days after receipt of the notice to file a lawsuit under federal law based on the charge in federal or state court.

3

8. Ms. Groves filed her complaint in the form of a narrative recital in federal court against FBL Financial Group on May 4, 2010. (Filing No. 26 at CM/ECF pp. 3-5.)

## *ANALYSIS*

### I. *Summary Judgment Standard*

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate allegations with "'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### II. *Ms. Grove's Title VII Claim*

Liberally construed, Ms. Groves claims that FBL Financial Group subjected

4

her to unfair treatment in violation of Title VII of the Civil Rights Act of 1964. (Filing No. 7 at CM/ECF p. 2-4.) For the reasons stated below, Ms. Groves's discrimination claim fails because she has not set forth a prima facie case of discrimination.

    A.    Applicable Law

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To survive a motion for summary judgment, a plaintiff can demonstrate unlawful discrimination through either direct or indirect evidence. *Bearden v. Int'l Paper Co.*, 529 F.3d 828, 831 (8th Cir. 2008). Claims premised on indirect evidence are analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.*

Because Ms. Groves offers no evidence of direct discrimination, I will analyze her claims under the *McDonnell Douglas* framework. Under this framework, Ms. Groves bears the initial burden of proving a prima facie case of discrimination. *Id.* If Ms. Groves establishes a prima facie case, a rebuttable presumption of discrimination arises and the burden shifts to FBL Financial Group to articulate a legitimate nondiscriminatory reason for its employment decision. *Bearden,* 529 F.3d at 831. If FBL Financial Group articulates a nondiscriminatory reason, the burden returns to Ms. Groves to show that the proffered reason is pretextual. *Id.* at 831-32 (citing *Brannum v. Missouri Dep't of Corr.*, 518 F.3d 542, 548 (8th Cir. 2008)). However, the ultimate burden of persuasion remains with Ms. Groves throughout the case.

Summary judgment may be entered in a Title VII action "if any essential element of the *prima facie* case is not supported by *specific facts* sufficient to raise a genuine issue for trial." Brower v. Runyon, 178 F.3d 1002, 1005 (8th Cir. 1999) (emphasis added). Accordingly, to set forth a prima facie case, Ms. Groves must establish that: (1) she is a member of a protected group; (2) she was qualified for her position; (3) she was discharged or otherwise suffered an adverse employment action; and (4) her discharge or the adverse employment action occurred in circumstances giving rise to an inference of discrimination. Johnson v. AT & T Corp., 422 F.3d 756, 761 (8th Cir. 2005).

B.   Ms. Groves' Claim

There is absolutely no evidence that Ms. Groves suffered an adverse employment action in circumstances giving rise to an inference of discrimination. Ms. Groves alleges that (1) she is African-American, (2) she "was denied to comment after others were able to make comments and allege that they can not [sic] communicate with [Ms. Groves]," (3) she "was the only one written up," and (4) "[a]ccess to different programs to do [her] job was denied also and other [sic] were able to get access." (Filing No. 7 at CM/ECF p. 2-4.)

Assuming, without deciding, that being denied the ability "to comment," or being "written up," and denied "access to different programs" are adverse employment actions, Ms. Groves does not allege that these incidents had anything to do with her race. To the contrary, the evidence shows that Ms. Groves was instructed by management to stop evaluating and directing others' work after she made inappropriate comments in the workplace regarding what she perceived to be the poor work performance of others. (Filing No. 25-1, Attach. 1, at CM/ECF p. 3.)

In addition, even if the court were to consider the statements set forth in Ms. Groves' charge of discrimination to the NEOC and EEOC, there is no evidence that

6

Ms. Groves suffered an adverse employment action because of her race. Ms. Groves makes the following allegations in her NEOC charge: (1) on June 2, 2008, she received an e-mail from a Caucasian mail-room employee, which stated, "[c]an you please get a better wig, good luck living your life as a tattle tale? Your culture is a joke"; (2) on July 9, 2008, she was wrongly accused of telling an employee how to do her job; (3) on January 23, 2009, employees confronted her about "a work issue," which resulted in a verbal argument between her and another employee; (4) on February 5, 2009, she was issued a written performance deficiency as a result of the incident, but does not "believe" the other employees involved in the incident were also disciplined; and (5) during her performance evaluation, management accused her of displaying "negative body language" toward others. (Filing No. 25-3, Attach. 3, at CM/ECF pp. 1-2.)

With respect to the June 2, 2008, e-mail, Ms. Groves' allegations in the NEOC charge reflect that Ms. Groves reported the incident to the vice president of human resources who responded, "there is no excuse for this kind of behavior." (Filing No. 25-3, Attach. 3, at CM/ECF p. 1.) The evidence reflects that, because the individual who sent the e-mail to Ms. Groves had already resigned his employment, FBL Financial Group did not take action against him. (*Id.*; Filing No. 25-1, Attach. 1, at CM/ECF p. 2.) With respect to the other allegations contained in her NEOC charge, there is no evidence that any of these incidents were racially motivated. On the other hand, the evidence does demonstrate that management found Ms. Groves' poor relationships with her coworkers to be unacceptable, and she received negative feedback from management as a result of her behavior toward her coworkers. (Filing No. 25-11, Attach. 11, at CM/ECF pp. 2-8.)

Liberally construing the amended Pro Se Civil Complaint, Ms. Groves is upset about the negative comments she received from management about her behavior toward her coworkers. She has failed to substantiate her allegations of discrimination with "sufficient probative evidence [that] would permit a finding in [her] favor on

7

more than mere speculation, conjecture, or fantasy." See *Moody*, 23 F.3d at 1412 (internal quotation omitted). In short, although Ms. Groves is a member of a protected class, there is absolutely no evidence before me showing that any circumstances existed giving rise to an inference of discrimination. Because Ms. Groves has failed to establish the requisite elements of her prima facie case, this matter is dismissed.

IT IS THEREFORE ORDERED that:

1. FBL Financial Group's Motion to Dismiss or in the Alternative Motion for Summary Judgment (filing no. 24) is granted. All claims against FBL Financial Group are dismissed with prejudice.

2. the Defendant's Objection to Response to Index Evidence, Response to Addiavit (sic) from Lori Strottman and Motion with Additions (filing no. 33) is denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order on Motion to Dismiss or in the Alternative Motion for Summary Judgment.

Dated October 5, 2011.

                          BY THE COURT

                          s/ Warren K. Urbom
                          United States Senior District Judge